JASON FRIERSON
United States Attorney
District of Nevada
Nevada Bar No. 7709
ANDOLYN JOHNSON
Assistant United States Attorney
Nevada Bar No. 14723
400 South Virginia Street, Suite 900
Reno, Nevada 89501
(775) 784-5438
Andolyn.Johnson@usdoj.gov

*Attorneys for the United States*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:21-CR-00036-MMD-CSD |
| Plaintiff, | 3:19-CR-00013-MMD-CSD |
| v. | **Government's Sentencing Memorandum** |
| MARK ALLEN MARTIN-CALL, | |
| Defendant. | |

Certification: This Sentencing Memorandum is timely filed.

**I.      Introduction**

The defendant Mark Allen Martin-Call pleaded guilty to Count 1 of the indictment in Case No. 21-CR-00036-MMD-CSD, which charges defendant with felon in possession of firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *See* ECF 1, 28. Consistent with the parties' plea agreement in this case (ECF 27), the government recommends a sentence of 33 months' imprisonment. The government further recommends that the sentence imposed for the defendant's supervised release violation in case no. 3:19-CR-13-MMD-WGC run concurrently with this sentence. The defendant may not argue for a

sentence of less than the low-end of the advisory guideline range as determined by the district court, according to the plea agreement. *See id.*

## II.    Factual background

Reno Police Department (RPD) officers were exiting Fireside Market in Reno, NV when they observed a red van with expired tags. They ran the plates, and it was registered to Valerie Ortega, who had two outstanding warrants. As officers spoke with Ortega and the defendant (the passenger in the vehicle), it became evident there was a firearm in the vehicle. The defendant admittedly had prior felonies. Officers developed probable cause to search the vehicle and found a firearm that was within the defendant's constructive possession. They detained the defendant and located a second firearm on his person.  The firearms were a Smith & Wesson model M&P Shield 9mm pistol bearing serial number JDB2727 and a Taurus model G2C 9mm pistol bearing serial number ACB582029. The defendant was previously convicted before this same Court of the same crime on August 26, 2019, case number 3:19-CR-13-MMD-CSD. He was on federal probation when he committed the instant offense.

During a search incident to arrest, officers recovered .5 grams of heroin and paraphernalia indicative of smoking heroin from the defendant's right front pant pocket. After being transported to Washoe County Jail, officers located an additional .6 grams of heroin in the defendant's wallet.

The defendant was indicted by a federal Grand Jury on September 9, 2021. *See* ECF 1. He was ordered detained and has remained in federal custody since his arrest. *See* ECF 5. The defendant pleaded guilty to Count 1 on February 16, 2022. *See* ECF 28.

**III.     Discussion**

The goal of sentencing is to "'impose a sentence sufficient but not greater than necessary' to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant with needed . . . correctional treatment." *United States v. Carry*, 520 F.3d 984, 991 (9th Cir. 2008) (quoting 18 U.S.C. § 3553(a)). The Court considers "the nature and circumstances of the offense and the history and characteristics of the defendant," "the need for the sentence imposed," "the kinds of sentences available," the applicable sentencing guideline range, any pertinent policy statement, sentences imposed on other similarly situated defendants, and the need for victim restitution. 18 U.S.C. § 3553(a). The defendant's conduct warrants a guideline sentence to further these goals.

**a.     The Sentencing Guideline Range**

The recommended guideline range set forth in the parties' plea agreement differs from the guideline calculation set forth by Probation.  All agree the defendant is a base level of 14, but Probation imposed a 4-level enhancement for possessing the firearms in connections with another felony offense due to the heroin found on the defendant during his arrest. *See* U.S.S.G. § 2K2.1(b)(6)(B). The parties' plea agreement contemplates an adjusted offense level of 12 after acceptance of responsibility. Probation calculated an adjusted offense level of 15 after acceptance of responsibility.

The government recommends remaining consistent with the parties' plea agreement guideline calculation in this case. The state did not pursue the possession of controlled

3

substances charge, and the government is not seeking to propose evidence to meet its burden of proof for this particular enhancement in this case.[1]

The defendant is a criminal history category V. His guideline range is either 27 to 33 months or 37 to 46 months, depending on which guideline range the Court imposes. The government recommends the Court apply the guideline range of 27 to 33 months and sentence the defendant to 33 months' imprisonment.

**b.    Section 3553(a) Factors**

The section 3553(a) factors support a 33-month sentence of incarceration. This sentence would provide just punishment for the crime committed, deter the defendant and others from similar criminal conduct, and protect the public.

The defendant's conduct was particularly egregious given he was under a sentence of supervised release from this Court for the exact same crime when he committed the instant offense. In the prior case, this Court sentenced the defendant to 21 months in prison. This Court gave the defendant an opportunity while on supervised release to show he would not continue to endanger the community. He quickly returned to the same criminal conduct. He was also using controlled substances while under supervision, which further violated the terms of his probation. His conduct shows blatant disrespect for the law and this Court's orders.

The defendant has a significant criminal history showing a pattern of criminal conduct and his dangerousness to the community. In addition to his prior felon in

---

[1] The government objects to the broader arguments made by the defendant in the PSR that such an enhancement could never be applied under similar circumstances and that field testing is unreliable. The government's recommendation is a product of plea negotiations, and further argument as to this enhancement's application on a broader scale is unwarranted in this case.

possession conviction, the defendant has convictions for felony possession of stolen property in 2010 and felon in possession of a firearm in 2016. For all prior offenses, he has had his probation revoked for various violations, including gang affiliation, use of controlled substances, possession of weapons and failure to report.

While the government acknowledges the defendant has a drug abuse history, the defendant has been given numerous opportunities to participate in meaningful substances abuse rehabilitation and has not taken advantage of those opportunities. Further, his substance abuse issues do not justify his propensity to possess firearms. A 33-month sentence accounts for the seriousness of this offense and the need to protect the public.

**IV.    Supervised Release**

The government agrees with Probation's recommendation for three years of supervised release as well as the special conditions recommended for supervised release. The search and seizure under reasonable suspicion condition is justified by the defendant's actions and the facts of this case, as well as his activities while on supervised release previously. Without this search condition, the defendant will have greater opportunity to anticipate searches and conceal criminality, which would directly undermine the goals of deterrence and protection of the public. 18 U.S.C. §§ 3583(d)(1), 3553(a). The substance abuse conditions are justified by the defendant's history of drug abuse. The gang affiliation condition is justified by the defendant's previous and continued participation in gang activities. These conditions serve the goals of 18 U.S.C. § 3553(a)(2)(B)-(D) by deterring future criminal conduct, rehabilitating the offender and protecting the public.

## V.    Conclusion

Based on the foregoing, the government respectfully requests the Court impose a 33-month sentence of imprisonment. Based on the totality of circumstances, this sentence is sufficient but not greater than necessary to comply with the §3553 factors.

DATED: May 12, 2022.

Respectfully submitted,

JASON FRIERSON
United States Attorney


*/s/ Andolyn Johnson*
ANDOLYN JOHNSON
Assistant United States Attorney